UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALISSA CALANDRINO on behalf of her
minor child, J.C.,

                          Plaintiff,                    **REPORT AND RECOMMENDATION**

          -against-                         CV 19-0443 (SJF)(AYS)

The FARMINGDALE UNION FREE
SCHOOL DISTRICT; the BOARD OF
EDUCATION OF THE FARMINGDALE
UNION FREE SCHOOL DISTRICT;
MICHAEL GOLDBERG; RALPH MORALES;
SUZANNE D'AMICO; MARIO ESPINOSA;
ANTHONY GIORDANO; KATHY LIVELY;
ARLENE SOETE; LUIS PENA; DONALD
CASSIDY; YUVELIN BALTAR; and
MARISA MOSCATO,

                        Defendants.
------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

This is an action in which Plaintiff Alissa Calandrino ("Calandrino"or "Plaintiff"), on behalf of her minor child, J.C., seeks compensatory damages from defendants Farmingdale Union Free School District ("the District"), Board of Education of the Farmingdale Union Free School District ("the Board"), Michael Goldberg ("Goldberg"), Ralph Morales ("Morales"), Suzanne D'Amico ("D'Amico"), Mario Espinosa ("Espinosa"), Anthony Giordano ("Giordano"), Kathy Lively ("Lively"), Arlene Soete ("Soete"), Luis Pena ("Pena"), Donald Cassidy ("Cassidy"), Yuvelin Baltar ("Baltar"), and Marisa Moscato ("Moscato") (collectively "Defendants") due to alleged violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("Section 504"), the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, claims under New York State Human Rights Law §

1

296 ("NYSHRL"), and for negligence, negligent infliction of emotional distress, the Dignity for All Student Act ("DASA"), and negligent supervision/hiring.

Presently before this Court, upon referral by the Honorable Sandra J. Feuerstein for Report and Recommendation, is Defendants' motion pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss Plaintiff's Amended Complaint. See Docket Entry herein ("DE") [28] ("Motion to Dismiss"); see Electronic Order dated May 14, 2019 (referring motion). For the reasons set forth below, this Court respectfully recommends that the Motion to Dismiss be granted.

## BACKGROUND

I. Facts

A. J.C.

Plaintiff Calandrino is the mother of J.C., an eighth-grade student at Weldon E. Howitt Middle School who has been enrolled since September 2016. Amended Complaint ("Am. Compl.) ¶¶ 23-24. J.C. has Type I Diabetes. Id. ¶ 22. Since October 2018, J.C. utilizes a Freestyle Libre Continuous Glucose Monitor to monitor his blood glucose levels via a mobile application on his cell phone. Id. ¶¶ 26-27. Plaintiff asserts that this mobile application makes J.C.'s cell phone a medical device and provides him with increased ability to prevent hypoglycemia and hyperglycemia. Id. ¶ 27. J.C. has had a 504 Plan with Defendants providing him with accommodations for his Type I Diabetes since August 2015. Id. ¶¶ 29.

B. 2018 – 2019 School Year

At the beginning of the 2018-2019 school year, Plaintiff and her husband requested that J.C.'s 504 Plan be updated to permit him the use of his cell phone at any and all times throughout the school day, and during school related activities, in order for him to text message

2

his parents in order to safely manage his Type 1 Diabetes. Am. Compl. ¶ 30. On September 6, 2018, Plaintiff received a new 504 Plan for J.C. which states that "[J.C. may request permission of school staff to check his cell phone for parent messages pertaining to his diabetes. [J.C.] must be given permission to visit any of the administrative offices to use his cell phone or an office phone to call his parents regarding his diabetic condition under the supervision of school staff." Id. ¶ 31.

On September 14, 2018, Plaintiff and her husband met with the District's Committee on Special Education ("CSE") to request that the committee modify the language contained in J.C.'s 504 Plan pertaining to the use of his cell phone to allow him the use of his cell phone at any and all times throughout the school day for the purposes of text messaging his parents for guidance in the treatment of his Type 1 Diabetes, as well as to monitor his blood glucose levels via the mobile application. Am. Compl. ¶ 33. The request was not granted. Id. Thereafter, Plaintiff attempted on numerous occasions to contact Defendants to modify the language in J.C.'s 504 Plan pertaining to the use of his cell phone to allow J.C. to use the cell phone at any and all times throughout the school day for the purposes of monitoring his blood glucose levels. Id. ¶¶ 34, 36-37.

On March 1, 2019, Defendants agreed to modify J.C.'s 504 Plan. Am. Compl. ¶ 40. The 504 Plan was modified to allow J.C. to utilize his cell phone at any time throughout the school day for the purposes o managing his Type 1 Diabetes, including the mobile application to monitor his blood sugars, as well as to contact his parents for diabetes management decisions without having to visit school administrative offices. Id.

II.   Procedural History

Plaintiff commenced this lawsuit on January 22, 2019. On March 3, 2019, an initial conference was held before the District Court. DE [23]. On March 19, 2019, Plaintiff filed an Amended Complaint. DE [24].

On May 13, 2019, Defendants filed their motion to dismiss. DE [28]. Upon briefing of the motion, it was referred to this Court for report and recommendation. See Order dated 05/14/2019.

III.   Plaintiff's Claims

Plaintiff asserts three federal claims – one each under the ADA, Section 504 and Section 1983. Plaintiff alleges that as a result of Defendants' failure to modify J.C.'s 504 Plan to allow him to freely use his cell phone to monitor his blood glucose levels and to contact his parents for guidance regarding treatment of his Type 1 Diabetes, that Defendants created a dangerous environment for J.C. and denied him reasonable accommodations that would allow him to be given an equal educational opportunity. Plaintiff also alleges that the Defendants engaged in common law negligence violations.

IV.   The Motion

Defendants move to dismiss each of Plaintiff's claims. It is argued that Plaintiff's failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction. Defendants assert that Plaintiff's federal claims are subject to the Individuals with Disabilities Education Act's ("IDEA") exhaustion requirements and do not fall within the scope of the futility exception.

Defendants further aver that Plaintiff fails to allege any facts to support plausible discrimination or equal rights claims and thus, the claims must fail under Federal Rule 12(b)(6).

Having summarized the relevant facts and arguments, the Court turns to the merits of the motions.

## DISCUSSION

I. <u>Legal Principles: Standards on Motions to Dismiss</u>

    A. <u>Rule 12(b)(1)</u>

A Rule 12(b)(1) motion is properly granted where a plaintiff fails to plausibly establish subject matter jurisdiction. A case is properly dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate it. <u>See</u> Fed. R. Civ. P.12(b)(1). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court, may refer to evidence outside the pleadings. <u>See</u> <u>Kamen v. American Tel. & Tel. Co.</u>, 791 F.2d 1006, 1011 (2d Cir. 1986). A plaintiff bears the burden of proving the existence of subject matter jurisdiction. <u>See</u> <u>Malik v. Meissner</u>, 82 F.3d 560, 562 (2d Cir. 1996); <u>Ulysse v. FreshDirect, LLC.</u>, 2015 WL 5692938, at * 2 (E.D.N.Y. September 28, 2015).

    B. <u>Rule 12(b)(6)</u>

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009) (quoting, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> <u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading factual content sufficient to allow a court to reasonably infer the defendant's liability. <u>Twombly</u>, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id</u>. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic

5

recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555).

    C.    Documents Considered

In deciding a Rule 12(b)(6) motion, the Court may consider only the facts alleged in the complaint (which are accepted as true), documents attached to the complaint as exhibits or incorporated by reference therein, matters as to which judicial notice may be taken, and documents upon which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Gesuldi v. Difazio, 2018 WL 1202640, *4 (E.D.N.Y. March 8, 2018); David Lerner Assocs., Inc. v. Philadelphia Indem. Ins. Co., 934 F. Supp. 2d 533, 539 (E.D.N.Y. 2013).

II.    Disposition of the Motion

    A.    Exhaustion

        1.    Applicable Law

"It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 112 (2d Cir. 2004) (citing 20 U.S.C. § 1415(i)(2)). The IDEA's exhaustion requirement applies not only to claims brought under the IDEA, but also to claims brought under "any federal statute, as long as they seek relief available under the IDEA." Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 248 (2d Cir. 2008) (requiring exhaustion of claims brought under ADA, Section 504, and Section 1983).

Relief is "available" under the IDEA if the IDEA affords a remedy—in any form— "for the events, condition, or consequences of which the [plaintiff] complains." Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 488 (2d Cir. 2002) (internal quotation

marks omitted). Thus, if the IDEA provides relief for the conduct on which the claim is based, the claim must be exhausted—regardless of the statute under which it is brought, Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d at 246, and regardless of whether the IDEA offers the specific "form of relief" sought (money damages, for example, are unavailable under the IDEA). Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d at 488 (internal quotation marks omitted). Thus, it is the "theory behind the grievance" that controls. Id. (internal quotation marks omitted); accord M.A. v. N.Y. Dep't of Educ., 2014 WL 775091, at *2 (S.D.N.Y. Feb. 25, 2014) ("A court looks to the 'theory behind the grievance' to determine whether the IDEA exhaustion requirement is triggered" for non-IDEA claims.).

To exhaust administrative remedies in New York, parents must first present their complaints to a hearing officer, who conducts a hearing and issues a written decision. An adverse decision from the hearing officer can then be appealed to the NYSED. Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 245 (2d Cir. 2008).

"Failure to exhaust [ ] administrative remedies deprives the court of subject matter jurisdiction." Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d at 245. The IDEA's exhaustion requirement is excused, however, "when exhaustion would be futile because the administrative procedures do not provide an adequate remedy." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d at 112. Exhaustion is futile when (i) plaintiffs challenge "system-wide violation[s] of the IDEA's mandates or [ ] a district-wide policy of discrimination," Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d at 250, or (ii) defendants "failed to implement services that were specified or otherwise clearly stated in an IEP." Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d at 489. The failure-to-implement exception applies only in "narrow situations" when a plaintiff's claim alleges *solely* that a defendant did not implement "specific

concrete requirements of an IEP." Levine v. Greece Cent. Sch. Dist., 353 F. App'x 461, 465 (2d Cir. 2009) (summary order); accord Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d at 489 (to trigger exception, plaintiff's claim must "involve *nothing more* than 'implementation' of services already spelled out in an IEP" (emphasis added)); Intravaia ex rel. Intravaia v. Rocky Point Union Free Sch. Dist., 919 F. Supp. 2d 285, 294 (E.D.N.Y. 2013) (exception inapplicable if "[c]omplaint not only contains allegations that defendants failed to provide [plaintiff] services that are contained in her IEP but also that defendants failed in various other ways to provide [plaintiff] with a FAPE"). Plaintiff bears the burden of demonstrating futility. J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d at 112.

2. Application

Plaintiff concedes that she did not exhaust the administrative remedies. Thus, the question is whether the exhaustion requirement applies at all.

a. ADA, Section 504 and Section 1983 Claims

Plaintiff maintains that she was not required to exhaust her administrative remedies with respect to her claims under the ADA, Section 504 and Section 1983 because those claims do not seek relief available under the IDEA. Plaintiff concedes that her claims deal with Free Appropriate Public Education ("FAPE") related issues but that her claims are "solely for monetary damages, costs and attorneys fees to be recovered for past wrongs, past wrongs that an IDEA officer would be unable to adequately remedy, if at all." Pl.'s Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp.") at 14[1], DE [33]. This Court disagrees.

---

1. For ease of reference, page numbers referenced herein are numbers assigned to pages on electronically filed documents, and not to the underlying documents themselves except for page numbers referenced in cases.

As explained above, "[a] court looks to the 'theory behind the grievance' to determine whether the IDEA exhaustion requirement is triggered" for non-IDEA claims. M.A. v. N.Y. Dep't of Educ., 2014 WL 775091, at *2 (S.D.N.Y. Feb. 25, 2014). The theory behind Plaintiff's federal claims is that J.C. was discriminated against on the basis of his disability by Defendants' failure to provide "reasonable accommodations…while [J.C.] was at school and during school related activities" and that "Defendants were deliberately indifferent to [J.C.'s] healthcare needs so that he may receive the same level of education that otherwise non-disabled students receive while adequately and effectively managing his Type I Diabetes." Am. Compl. ¶¶ 57-58. Plaintiff alleges that Defendants failed to give J.C. an "equal educational opportunity that students who are not otherwise disabled receive." Id. ¶ 47.

But "[t]he IDEA provides relief for this type of grievance," as the IDEA allows parents to "present complaints as 'to any matter relating to ... the provision of a free appropriate public education.'" Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d at 245 (quoting 20 U.S.C. § 1415(b)(6)(A)). The way in which the Defendants accommodated J.C. unquestionably "relat[es] to ... the provision of a free appropriate public education." Id.; accord Baldessarre v. Monroe–Woodbury Cent. Sch. Dist., 820 F. Supp. 2d 490, 505 (S.D.N.Y. 2011), aff'd, 496 F. App'x 131 (2d Cir. 2012) (extending exhaustion requirement to ADA and Section 504 claims "[b]ecause all of Plaintiffs' claims of discrimination relate to the interplay between [child's] disability and his education"). Indeed, "Plaintiff does not deny that her claims deal with FAPE related issues." Pl.'s Opp. at 13.

Further, Plaintiff's claims do not fall within the futility exception to the IDEA's exhaustion requirement, as Plaintiff does not challenge "a district-wide policy of discrimination." Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d at 250. As the Second

Circuit explained in J.S. ex rel. N.S. v. Attica Central Schools, claims attacking an educational program's "framework and procedures" cannot be "remedied by administrative bodies." 386 F.3d at 114; accord Handberry v. Thompson, 436 F.3d 52, 61 (2d Cir. 2008) (administrative remedies best resolve "challenges with respect to the content of a particular student's Individualized Education Plan"). Here, Plaintiff clearly challenges the contents of J.C.'s 504 Plan and not the District's overall cell phone policy. Thus, Plaintiff's claims do not meet the exceptions to the IDEA's exhaustion requirement. Accordingly, the IDEA's exhaustion requirement extends to Plaintiff's ADA, Section 504 and Section 1983 claims.

Because Plaintiff failed to exhaust her administrative remedies, the Court does not have subject matter jurisdiction over those claims. Therefore, this Court respectfully recommends that Plaintiff's ADA, Section 504 and Section 1983 claims be dismissed with prejudice.

III.    State-Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c); (c)(3); see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a federal-law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction. Accordingly, this Court further recommends that the Court refrain from exercising supplemental jurisdiction over any state-law claims contained in Plaintiffs Amended Complaint

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendants' Motion to Dismiss, appearing as Docket Entry No. 28 herein, be granted in its entirety.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
       December 18, 2019

                                                      /s/ Anne Y. Shields
                                                      Anne Y. Shields
                                                      United States Magistrate Judge